IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DEBORAH ABERCROMBIE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  1:12cv470-WHA |
| | ) | |
| LOWE'S HOME CENTERS, INC., and | ) | (wo) |
| COUNTERTOP VISIONS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

This case is before the court on a Motion to Dismiss filed by Countertop Visions, Inc. (Doc. #7)

The Plaintiff, a citizen of Alabama, filed a Complaint in this case on May 1, 2012, in the Circuit Court of Houston County, Alabama.  She brings claims of theft, conversion, or wrongful taking for the loss of jewelry against Lowe's Home Centers, Inc. and Countertop Visions, Inc. She seeks $100,000.00 in damages.

The Defendants removed the case to this court on May 30, 2012, on the basis of diversity subject matter jurisdiction.   They represent in the Notice of Removal that Lowe's Home Center, Inc. is a citizen of North Carolina and that Countertop Visions, Inc. is a citizen of Florida.  It appears that the court has diversity subject matter jurisdiction in this case.

For the reasons to be discussed, the Motion to Dismiss is due to GRANTED.

**II.  MOTION TO DISMISS**

The court accepts the plaintiff's factual allegations as true, *Hishon v. King & Spalding*,

467 U.S. 69, 73 (1984), and construes the complaint in the plaintiff's favor, *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir. 1993).  In analyzing the sufficiency of pleading, the court is guided by a two-prong approach: one, the court is not bound to accept conclusory statements of the elements of a cause of action and, two, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to entitlement to relief.  *See Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  *Id*.  (citation omitted).  To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but instead the complaint must contain "only enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.  The factual allegations  "must be enough to raise a right to relief above the speculative level."  *Id*. at 555.

### III. FACTS

The submissions of the parties establish the following facts, construed in a light most favorable to the non-movant:

The Plaintiff, Deborah Abercrombie ("Abercrombie"), alleges in her Complaint that she contracted with the Defendant Lowe's Home Centers, Inc. at its Dothan, Alabama store for work to be done at her home.  She alleges that the Defendants' contractors, subcontractors, agents, servants, or employees committed an act of theft, conversion, or wrongful taking of a diamond ring and ring guard from her home.  She states that the ring is a yellow gold 14 ct. band with a Tiffany 6 prong 1.75 ct diamond, and that the ring guard contains two 1.05 ct. diamonds.  She values her damages at $100,000.00.

## IV. DISCUSSION

Countertop Visions, Inc. ("Countertop Visions") moves to dismiss the claims against it, arguing that under Alabama law, for an employer to have vicarious liability for the actions as alleged, the actions must have been taken within the line and scope of the employee's employment or been in furtherance of the business. *See, e.g., Shoney's Inc. v. Barnett*, 773 So. 2d 1015 (Ala. Civ. App. 1999). Countertop Visions states that the claims in this case do not allege that the theft, conversion, or wrongful taking was within the line and scope of employment or in furtherance of the business. Countertop Visions also contends that Abercrombie has not pled a basis for holding it liable for punitive damages.

Abercrombie responds that the Alabama cases cited by Countertop Visions are not pleading cases, but instead are cases which discuss the proof necessary to establish claims based on vicarious liability. Abercrombie argues that she has met the pleading standard, but she cites the former federal pleading standard, not the standard applied in the Supreme Court's decisions in *Iqbal* and *Twombly*, discussed above. Abercrombie alternatively states that she can amend her Complaint to state that a basis for liability. (Doc. #19).

It appears that Abercrombie intends to allege that Countertop Visions' employees, not independent contractors, were responsible for her loss, and contends that there are facts which support a plausible claim of vicarious liability and punitive damages under Alabama law. At this point, however, the Complaint does not contain any facts which refer specifically to Countertop Visions' employees. Therefore, the court will dismiss the claims against Countertop Visions without prejudice, and will give Abercrombie additional time in which to amend her Complaint so as to meet the *Iqbal/Twombly* standard.

## V. CONCLUSION

For the reasons discussed, the Motion to Dismiss is GRANTED, and the claims against Countertop Visions, Inc. are DISMISSED without prejudice.

The Plaintiff is given until **July 27, 2012** to file an Amended Complaint, complete unto itself, *see* M.D. Ala. Local R. 15.1, which meets the pleading standard of *Iqbal/Twombly*, as set out above, and which meets the requirements of Fed. R. Civ. P. 11, in setting forth the factual basis of liability and of liability for punitive damages against Countertop Visions, Inc. in this case.

Done this 25th day of June, 2012.

/s/ W. Harold Albritton
W.  HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE